NATIONAL COMMUNICATIONS ASSOCIATION, INC.,
Plaintiff,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY,
Defendant.

No. 92 Civ. 1735 (LAP).

United States District Court,
S.D. New York.

May 11, 1993.

---

Fabricant, Yeskoo & Colangelo, New York City by Richard C. Yeskoo, for plaintiff.

Pitney, Hardin, Kipp & Szuch, Morristown, NJ by Frederick L. Whitmer, for defendant.

## MEMORANDUM and ORDER

PRESKA, District Judge.

In its Opinion and Order issuing a preliminary injunction enjoining defendant, American Telephone and Telegraph Company ("AT & T"), from maintaining with respect to plaintiff, National Communications Association, Inc. ("NCA"), the changes made to AT & T's billing practice in November 1992, the Court ordered NCA to seek a determination from the Federal Communications Commission (the "FCC") as to the merits of NCA's claims regarding AT & T's billing practice. *National Communications Ass'n, Inc. v. American Tel. and Tel. Co.*, 813 F.Supp. 259 (S.D.N.Y.) ("*NCA II* "). The Court required NCA to seek a determination from the FCC in conjunction with the Court's application of the doctrine of primary jurisdiction to NCA's motion for a preliminary injunction. *Id.* Additionally, the Court directed the parties to submit letters regarding the potential reference to the FCC pursuant to the doctrine of primary jurisdiction of the causes of action which remain in the action after the Court's dismissal of NCA's cause of action alleging price discrimination in violation of the Robinson–Patman Act, 15 U.S.C. § 13. *Id.; National Communications Ass'n, Inc. v. American Tel. and Tel. Co.*, 808 F.Supp. 1131 (S.D.N.Y.1992) ("*NCA I* ") (granting in part and denying in part AT & T's motion to dismiss). Those letter submissions regarding primary jurisdiction are now before the Court.

The four remaining causes of action are: (1) discrimination under the Communications Act of 1934, 47 U.S.C. §§ 151, *et seq.;* (2) monopolization in violation of § 2 of the Sherman Act, 15 U.S.C. § 2; (3) attempted monopolization in violation of § 2 of the Sherman Act; and (4) violation of SDN tariffs and federal common law. Both parties contend that the Court should not refer the remaining causes of action to the FCC at this time. The Court agrees.

## Discussion

The Court has previously reviewed the allegations of the complaint in *NCA I* and the doctrine of primary jurisdiction in *NCA II*, and familiarity with those two decisions is presumed. As the Court agrees with the parties that the remaining causes of action should not be referred to the FCC, I will only briefly summarize the basis for my ruling.

I. *Discrimination under the Communications Act of 1934 and Violation of SDN Tariffs* [1]

█ In regard to these claims, NCA essentially alleges that AT & T has violated well-established, directly applicable law in the manner which AT & T has "provisioned" NCA and AT & T's other reseller customers of SDN service in comparison to AT & T's non-reseller customers of SDN service. *NCA I*. As the Court does not presently discern any difficulty in determining whether AT & T has violated the Communications Act of 1934 or SDN tariffs, *i.e.,* NCA's claims lie within the conventional experience of judges, application of the doctrine of primary jurisdiction is inappropriate. *See Danna v. Air France*, 463 F.2d 407 (2d Cir.1972); *NCA II*.

II. *Monopolization and Attempted Monopolization in violation of the Sherman Act and Violation of Federal Common Law*

█ The issues of law associated with these claims lie more clearly within the province of the courts, in comparison with the FCC, because the courts are charged with adjudicating antitrust and common law claims while the FCC has closely delimited jurisdiction. *See United States v. Radio Corp. of Am.*, 358 U.S. 334, 79 S.Ct. 457, 3 L.Ed.2d 354 (1959); *United States v. Ameri-*

---

1. The four causes of action are considered in two sets according to applicable considerations.

*can Tel. and Tel. Co.,* 461 F.Supp. 1314 (D.D.C.1978).

### Conclusion

Although the instant decision finds reference of the remaining causes of action to the FCC to be inappropriate, the Court nevertheless recognizes that reference of certain issues to the FCC may become necessary at a later time. For example, issues arising out of NCA's allegations of monopolization may necessitate such reference, *United States v. American Tel. and Tel. Co.,* 461 F.Supp. at 1329, or the Court may otherwise find it necessary to call upon the FCC's expertise and ability to undertake factual investigation. *NCA II.*

As NCA has requested that the Court lift the stay imposed in *NCA II* and in view of the instant decision not to refer any of the remaining causes of action to the FCC pursuant to the doctrine of primary jurisdiction, counsel for the parties shall appear in courtroom 36 on May 17, 1993 at 3:00 p.m. to discuss the status of the action and, in particular, the lifting of the stay and a discovery schedule.

SO ORDERED.